UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS MARTIN GALINDO VEGA
(A#240-091-068),

                    Petitioner,

        v.

WARDEN, GOLDEN STATE ANNEX
DETENTION FACILITY,

                    Respondent.

No.  1:26-cv-03604-DC-SCR


ORDER and

FINDINGS & RECOMMENDATIONS


Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

## I.    Factual and Procedural History

Petitioner is a native of Mexico who is currently detained at the Golden State Annex located within this judicial district.  ECF No. 1 at 3, 4.  Petitioner came to the United States in approximately 2007 without being inspected by immigration officials.  ECF NO. 1 at 6.  Since that time, he worked, paid taxes, married a lawful permanent resident, and raised four children in the U.S.  Id. at 6.  On March 4, 2026, he was transferred from criminal custody in the State of Florida to an Immigration and Customs Enforcement detention center.  Id. at 6.  In his § 2241 petition, petitioner challenges his detention without a bond hearing as a violation of his Fifth

1

Amendment right to due process.  ECF No. 1 at 17-18.  By way of relief, petitioner seeks his immediate release or, in the alternative, a constitutionally adequate bond hearing before a neutral decisionmaker where the government has the burden of demonstrating by clear and convincing evidence that his detention is justified based on flight risk or danger.  Id. at 10.

Respondent's answer clarifies petitioner's prior encounters with immigration officials.  ECF No. 7.  Petitioner was first taken into immigration custody on July 2, 2024, and placed in removal proceedings based on INA § 212(a)(6)(A)(i) for being present without admission or parole.  ECF No. 7-1 at 2.  An immigration judge released petitioner on a $6,000 bond on August 9, 2024, with the additional conditions that petitioner have "no further arrests; no harmful contact; no driving without a valid license; [and] no drinking alcohol."  ECF No. 7-2 (Order of the Immigration Judge).  Petitioner's RAP sheet attached to the answer indicates that he was convicted on August 11, 2025 of a second degree felony in the Pasco County Court in Florida for Possession of a Weapon.  ECF No. 7-3 at 7.  His probation that resulted from this conviction was revoked on March 2, 2026.  Id.  Immigration officials cancelled his bond on March 4, 2026 and took petitioner back into immigration custody on the same day.  ECF No. 7 at 1-2, ECF No. 7-5 (Notice – Immigration Bond Cancelled).

According to respondent, petitioner is lawfully in immigration detention based on the violation of his bond conditions.  ECF No. 7 at 2.  His right to due process was not violated because his bond was lawfully cancelled.  Id.  Despite his prior release on bond pursuant to 8 U.S.C. § 1226(a), respondent contends that petitioner is currently detained pursuant to 8 U.S.C. § 1225(b)(2) during the pendency of his removal proceedings.  ECF No. 7 at 2-3.  According to respondent, [a]s an applicant for admission, petitioner is subject to mandatory detention and thus ineligible for a bond hearing."  Id. at 3.  Since he entered the United States without inspection, respondent further contends that petitioner has no protected liberty interest and his detention is mandatory.  Id.

Petitioner did not file a reply and the time to do so has expired.

/////

/////

2

## II.    Legal Standards

### A.  Jurisdiction

The federal habeas statute confers subject matter jurisdiction over challenges to any individual's confinement "in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). This case presents both statutory and constitutional challenges to petitioner's ongoing immigration detention. This court has jurisdiction.

### B.  Applicable Immigration Detention Statute

Under the INA, § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). Section 1226(a) provides the Government broad discretion whether to release or detain the individual and it provides several layers of review for an initial custody determination. Id. It also confers "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Id. at 1202. If the immigration judge decides to release a noncitizen on bond, "no change should be made by [the DHS] absent a change of circumstance." Matter of Sugay, 17 I. & N. Dec. 637, 640 (BIA 1981); see also Ortega v. Bonnar, 415 F. Supp. 3d 963, 968 (N.D. Cal. 2019) (citing Saravia v. Sessions, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017), aff'd sub nom. Saravia for A.H. v. Sessions, 905 F.3d 1137 (9th Cir. 2018)). Conversely, § 1225(b)(2) mandates detention during the duration of removal proceedings for "applicants for admission" who are "seeking admission" and does not provide for a bond hearing.

## III.   Analysis

Petitioner was previously released on a $6,000 bond pursuant to 8 U.S.C. § 1226(a)(2)(A) and its implementing regulation at 8 C.F.R. § 1236.1(d). By extension, that would make § 1226(a) the basis for petitioner's current detention, as "the initial decision to pursue petitioner's detention under § 1226(a) precludes the government from later 'switch[ing] tracks' to subject him to mandatory detention under § 1225(b)(2)." Gutierrez v. Chesnut, No. 1:25-cv-1515 DAD AC (HC), 2025 WL 3514495, at *5 (E.D. Cal. Dec. 8, 2025) (collecting cases); see also J.C.E.P. v.

3

Wofford, No. 1:25-cv-01559-EFB (HC), 2026 WL 809865 (E.D. Cal. March 24, 2026) (explaining that "[t]he statutory scheme, taken as an entirety, makes it "not possible for [petitioner] to be simultaneously subject to both detention regimes""). Petitioner's prior release pursuant to § 1226(a) created a protected liberty interest that is "inherent in the Due Process Clause." Guillermo M.R. v. Kaiser, 791 F.Supp.3d 1021, 1030 (N.D. Cal. July 17, 2025) (citations omitted). The undersigned finds that having previously been granted a bond pursuant to § 1226(a), petitioner is not now subject to mandatory detention under § 1225(b)(2)(A). The government's detention authority remains § 1226(a).

Respondents further argue that petitioner's bond was properly revoked under § 1226(b) as he violated its terms by being re-arrested for a probation violation. DHS may revoke a noncitizen's bond or parole "at any time" based on a change of circumstances, even if that individual has previously been released. 8 U.S.C. § 1226(b); Matter of Sugay, 17 I. & N. Dec. 637, 640 (BIA 1981)). However, numerous courts have held, and the undersigned agrees, that due process protections of the Fifth Amendment apply and require notice and an opportunity to be heard before a noncitizen's parole or bond is summarily revoked under section 1226(b). See J.C.E.P. v. Wofford, No. 1:25-cv-01559-EFB, 2026 WL 809865 (E.D. Cal. March 24, 2026) ("The requirements of due process, of course, supersede statutory and regulatory authority, and numerous courts have held that the Due Process clause entitles a noncitizen to notice and an opportunity to be heard before his parole or bond is summarily revoked under section 1226(b)."); Guzman v. Andrews, No. 1:25-cv-01015-KES-SKO (HC), 2025 WL 2617256, at *2 (E.D. Cal. Sept. 9, 2025) (pre-detention hearing required prior to revocation of the petitioner's release on bond); Pinchi v. Noem, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025) (pre-detention hearing required prior to revocation of the petitioner's release her own recognizance); Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) (similar). Having determined that the revocation of petitioner's immigration bond entitled him to due process protections, the undersigned concludes that he was entitled to notice and a pre-deprivation hearing before his bond was cancelled. Petitioner's re-detention without notice and an opportunity to be heard violated his right to due process. Therefore, he is entitled to habeas relief.

4

Petitioner's criminal conviction and revocation of probation are insufficient to displace immediate release as the remedy in this case.  Courts have found post-deprivation remedies appropriate only in cases with particularized flight risks that "urgently require arrest" and where a pre-deprivation hearing "would have been impracticable and/or would have motivated [petitioner's] flight." O.A.C.S. v. Wofford, No. 1:25-cv-1652 DAD CSK (HC), 2025 WL 3485221, at *4 (E.D. Cal. Dec. 4, 2025) (quoting Martinez Hernandez v. Andrews, No. 1:25-cv-1035 JLT HBK, 2025 WL 2495767, at *11–12 (E.D. Cal. Aug. 28, 2025)).  Respondent does not identify any such urgency in this case that would make a pre-deprivation hearing impracticable here.  Thus, immediate release is the appropriate remedy.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to appoint counsel (ECF No. 3) is denied as unnecessary in light of the recommendation to grant the habeas petition.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED as follows:

a. Respondent be ORDERED to immediately release Petitioner Luis Martin Galindo Vega (A#240-091-068) from Respondent's custody under the same conditions he was released prior to his current detention.  Respondent shall not impose any additional restrictions on him, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.

b. At the time of release, Respondent be required to return all of Petitioner's documents and possessions.

c. Respondent be ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk.  At any such hearing, Petitioner shall be allowed to have counsel present.

d. Any order adopting these findings and recommendations include language that it does not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

2. The Clerk of the Court be directed to:

a. Serve the Golden State Annex Detention Facility with a copy of any release order; and

b. Enter judgment in petitioner's favor and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 31, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6