UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS MARTIN GALINDO VEGA
(A#240-091-068),

        Petitioner,

    v.

WARDEN, GOLDEN STATE ANNEX
DETENTION FACILITY,

        Respondent.

No.  1:26-cv-03604 DC SCR

ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS

(ECF No. 8)

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 1, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days.  ECF No. 8.  Respondent filed objections to the findings and recommendations on grounds that a bond hearing, rather than immediate release, is the proper remedy, because Petitioner was released on a $6,000 bond and while released on bond, was convicted of criminal offenses that represent non-pretextual reasons to cancel bond absent pre-deprivation hearing.  ECF No. 9 at 1 (citing *Calvillo v. Chestnut*, No. 1:26-cv-00569-DC-CSK, 2026 WL 253627 (E.D. Cal. Jan. 31, 2026).  Respondent's objection is well taken.

1

Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). The court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

However, consistent with this court's previous decisions, the court finds that requiring Respondents to provide a bond hearing, rather than immediately release Petitioner, is the appropriate relief under the circumstances of this case. Unlike the petitioner in *Altin*, who had been arrested but not charged with any criminal offenses and who was detained by immigration authorities seven months after his release from that arrest, here, Petitioner was detained immediately following his arrest and has criminal charges pending against him for violation of his probation by possessing non-prescription drugs. (ECF No. 7-3.) Thus, unlike in *Altin*, Respondents have provided a non-pretextual changed circumstance that may warrant revocation of Petitioner's prior release. This court has previously found that where the government asserts a non-pretextual change in circumstance potentially warranting revocation of a non-citizen's release, the proper remedy for the government's failure to provide the petitioner with a pre-deprivation bond hearing is a post-deprivation bond hearing, not immediate release. *See Calvillo v. Chestnut*, No. 1:26-cv-00569-DC-CSK, 2026 WL 253627 at *3 (E.D. Cal. Jan. 31, 2026) ("[W]hile the court finds that Petitioner is likely to succeed on the merits of her claim that her re-detention without a bond hearing violated her right to due process, the court will order that the

2

proper remedy for this violation is that Petitioner receive a post-deprivation bond hearing in which Respondents must show, by clear and convincing evidence, that the alleged changed circumstances demonstrate that Petitioner is either a flight risk or threat to public safety, such that her detention is justified.").

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 8) are ADOPTED IN PART;

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED as follows:

    a. Within fourteen (14) days, Respondents are ORDERED to provide Petitioner Luis Martin Galindo Vega (A#240-091-068) a bond hearing before an immigration judge at which the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is either a flight risk or risk to community safety such that Petitioner's continued immigration detention is justified; and

    b. If Respondents fail to provide Petitioner a bond hearing within fourteen (14) days, Petitioner shall be immediately released from Respondents' custody on the same terms as Petitioner's previous release;

4. The Clerk of the Court is directed to serve Golden State Annex Detention Facility with a copy of this order; and

5. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **June 12, 2026**

_____
Dena Coggins
United States District Judge

3